UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-P177-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JONATHON GRATE *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for screening of Plaintiff Michael Vaughan's *pro se* complaint [R. 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed in part and allowed to continue in part, and Plaintiff will be allowed to file an amended complaint.

**I.**

Plaintiff, a convicted prisoner currently incarcerated in the Kentucky State Reformatory (KSR), filed this civil-rights action pursuant to 42 U.S.C. § 1983 while incarcerated in the Luther Luckett Correctional Complex (LLCC). In his complaint, he asserts claims arising from his detention at LLCC and at Roederer Correctional Complex (RCC).

Plaintiff names the following officers and employees of the Kentucky Department of Corrections (KDOC) as Defendants in their individual and official capacities: Jonathan Grate, "former Dep. Secretary for the KY Public & Safety Cabinet and took over as the new acting Commissioner for the KY Dept. of Corrections on Feb 8 2019"; Kimberly Potter-Blair, KDOC Deputy Commissioner for Support Services; Ravonne Sims, KDOC Acting Deputy Commissioner for Probation & Parole (and RCC Warden, see below); Ashley Short and Debbie

Kays, "employed in the KDOC Policy & Procedure Branch"; and Chris Kleymeyer, Director of the KDOC Division of Operations & Programs.[1] He also sues James Erwin, former KDOC Commissioner, and Rodney Ballard,[2] former KDOC Commissioner from March 2016 until May 2017, in their individual capacities only.

Plaintiff additionally names the following RCC officers/employees as Defendants in their individual and official capacities:  Ravonne Sims, RCC Warden; Amy Robey, RCC Deputy Warden for Operations; Sharon Veech, RCC Deputy Warden for Security; Rebecca Barker, RCC "Unit 3 Administrator, Law Library manager, and inmate grievance coordinator"; Eric Ribbenboim/Ribenboim, RCC computer technician; Maj. Arnold Chisholm, "highest ranking Correctional Officer" at RCC; Cpt. Durell St. Clair, RCC Head Internal Affairs Officer; Lt. John Geisler, RCC Assistant Internal Affairs Officer; and Angela French, RCC Mailroom Supervisor.

Finally, Plaintiff names the following LLCC officers/employees as Defendants in their individual and official capacities:  Scott Jordan, LLCC Warden; James Coyne, LLCC Deputy Warden for Security; Jessie Stacks, former LLCC Deputy Warden for Security; Jessie Ferguson, LLCC Deputy Warden for Operations; Dagon Moon, LLCC "'Special Services' manager and inmate grievance coordinator, and law library manager"; and Cpt. Tim Forgy, LLCC Head Internal Affairs Officer.  He names Cathy Buck, former LLCC "'Special Services' manager in which she manageged the law library and served as the 'Inmate Grievance Coordinator'" in her individual capacity only.

---

[1] In the caption of the complaint, Plaintiff indicates that he sues Defendant Kleymeyer in his individual capacity only, but in the parties' section, he indicates that he sues that Defendant in both his individual and official capacities [R. 1, p. 6].

[2] Plaintiff does not list Ballard as a Defendant in the caption but lists him as a Defendant in the parties' section of the complaint.

Plaintiff raises numerous claims, which will be discussed later in this opinion. As relief, Plaintiff seeks nominal, compensatory and punitive damages; declaratory relief; and permanent injunctive relief.[3]

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion of it, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d

---

[3] Plaintiff also seeks unspecified preliminary injunctive relief. Should he seek specific, immediate relief, he must file a separate motion arguing his need for such relief.

478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. *Claims against KDOC and RCC Defendants regarding his detention at RCC***

In the instant complaint, Plaintiff reports filing a previous lawsuit – *Vaughan v. Erwin et al.*, Civil Action No. 1:18-CV-17-GNS (hereinafter, "first action"). In that first action, Plaintiff, in the complaint, amended complaint, and second amended complaint, sued numerous KDOC and RCC officers and employees[4] raising claims of censorship of books, retaliation, violation of

---

[4] Plaintiff, who was an inmate at RCC at the time he filed the first action, sued the following Defendants in their individual and official capacities: KDOC Commissioner James Erwin; former KDOC Commissioner Rodney Ballard; KDOC Deputy Commissioner Kimberly Potter-Blair; KDOC Deputy Commissioner and RCC Warden Ravonne Sims; RCC Deputy Wardens Amy Robey and Sharon Veech; KDOC Director Chris Kleymeyer; KDOC employees Ashley Short and Debbie Kays; RCC Captain Durrell "Cody" St. Clair; and 20 John and Jane Doe Defendants.

due process and equal protection, denial of access to courts, and civil conspiracy. On initial review of those pleadings pursuant to 28 U.S.C. § 1915A, the Court, by Memorandum Opinion and Order entered May 21, 2018 [R. 15, first action], allowed Plaintiff's claim alleging that his First Amendment right to free speech was violated when he was not allowed to order certain books to continue against Defendants in their individual capacities for all relief and in their official capacities for declarative and injunctive relief. The Court further dismissed all claims for monetary damages against all Defendants in their official capacities for failure to state a claim and for seeking monetary relief from Defendants who are immune pursuant to 28 U.S.C. § 1915A(b)(1), (2); and dismissed all remaining claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

Thereafter, Plaintiff filed two motions for leave to file amended complaints, which the Court denied [R. 63, first action], but nevertheless allowed Plaintiff to file one final amended complaint. In response, Plaintiff filed a renewed motion for leave to file a fourth amended complaint [R. 64, first action] with an attached proposed fourth amended complaint[5] [R. 64-1, first action] naming as Defendants several previously named KDOC and RCC Defendants and naming additional RCC Defendants and naming LLCC Defendants for the first time.

By Memorandum Opinion and Order entered May 7, 2019 [R. 72, first action], the Court granted the motion for leave to file a fourth amended complaint in part and denied it in part, noting that Plaintiff's motion was both a motion to amend and to supplement. More specifically,

---

[5] Comparison of the proposed fourth amended complaint filed in the first action and of the complaint filed in the instant action reveals that pages 4 to 34 in both pleadings are duplicates. That is, with the exception of additionally naming KDOC Defendant Grate in the caption of the instant action, the parties and claims in both pleadings are identical.

the Court granted the motion to allow the following claims to continue in that first action: Plaintiff's claim against RCC Defendant French in her individual capacity for damages for reading his legal mail out of his presence and Plaintiff's claim against RCC Defendant St. Clair in his individual capacity for damages regarding an alleged assault on Plaintiff on May 27, 2018. The Court denied the motion in all other respects. Specific to LLCC Defendants Jordan, Coyne, Stacks, Ferguson, Buck, Moon, and Forgy, the Court advised that Rule 15(d) of the Federal Rules of Civil Procedure pertaining to supplemental pleadings does not allow a plaintiff to add new claims relating to new events at a completely different prison involving not the original defendants but a whole new cast of characters. In such circumstances, the Court continued, leave to supplement should be denied, because there is no linkage between the new allegations and those set forth in the original complaint [R. 72, first action]. The Court, therefore, denied Plaintiff's motion insofar as it sought to add the LLCC Defendants and causes of action related to occurrences at LLCC.[6]

Consequently, the Court in the first action having already considered (and either allowed to proceed or dismissed) the same claims brought against the KDOC and RCC Defendants named in the instant complaint, the Court in the instant action will dismiss all claims raised in the instant action against the KDOC and RCC Defendants regarding the claims arising at RCC without prejudice to the continuing first action, Civil Action No. 1:18-CV-17-GNS.

---

[6] Thereafter, by Order entered in the instant action on September 17, 2019 [R. 13], this Court denied Plaintiff's "Motion to Merge with W.D.KY 1:18-CV-17" [R. 4] because Plaintiff's first action involved RCC claims and Defendants and because the Court in the first action specifically denied amendment/ supplement related to the LLCC claims.

*B. Claims against KDOC and LLCC Defendants regarding his detention at LLCC*

### 1. Claims for declaratory and injunctive relief

A case, or portion thereof, becomes moot when events occur which resolve the controversy underlying it. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's release from prison or transfer to another prison moots his request for injunctive and declaratory relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding in a § 1983 case, that "to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail"). Because Plaintiff is now incarcerated at KSR, his requests for declaratory and injunctive relief regarding his incarceration at LLCC will be dismissed.

### 2. Official-capacity claims for damages

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The claims brought against all Defendants in their official capacities, therefore, are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against the state Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for damages against all KDOC and LLCC Defendants will be dismissed for

failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### 3. Censorship

Plaintiff alleges five instances of censorship of various publications and mail while at LLCC, seemingly contrary to KDOC policies and procedures [R. 1, pp. 14-16]. Plaintiff claims that several publications were "fraudulently censored by Luther Luckett Mailroom staff because they contained address labels"; that "LLCC had intercepted his mail from the U.S. Veteran Administration as it contained a [] medical insurance card"; and that paperback books published by Lexis-Nexis were censored by LLCC "mailroom staff" and Defendant Jordan because they were sent to Plaintiff from a family member who received them directly from Lexis-Nexis. Plaintiff alleges that he either did not receive notice of censorship so he could not file an appeal or that, if he filed an appeal, Defendant Jordan did not respond (but that on one occasion Defendant Forgy responded).

Upon initial review of the complaint, the Court will allow Plaintiff's First Amendment free speech and related Fourteenth Amendment due process claims to proceed against Defendants Jordan and Forgy in their individual capacities for damages. The Court will allow Plaintiff to file an amended complaint to name, in their individual capacities, the specific "mailroom staff" that he claims censored the publications/mail. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

### 4. Access to Courts

Prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Under the Access-to-Courts heading, Plaintiff lists "Grievance Gaming" and "Inadequate Law Library."

#### a. Grievance Gaming

Plaintiff alleges that Defendants Buck and Moon engaged in "Grievance Gaming," which he defines as, "When an inmate grievance coordinator, with the collusion of others, engages in practices and actions specifically designed to frustrate inmates use of the administrative remedy process (grievance system), in order act as a 1st line defense against civil litigation againt KDOC personnel.'" [R. 1, pp. 20-22]. For instance, Plaintiff claims that Defendants Buck and Moon

9

lied and stated that Plaintiff did not file an appeal of multiple grievances and that Defendant Buck "attempted to censor" another grievance.

Plaintiff has not alleged any actual injury to past or pending litigation as a result of the purported "grievance gaming" by Defendants Buck and Moon and fails to state a denial-of-access-to-courts claim against them.

Further, "there is no cause of action for the improper adjudication, or failure to adjudicate, an inmate's grievances." *Shankle v. Tennessee*, No. 07-2454B/P, 2007 WL 4255245, at *2 (W.D. Tenn. Nov. 29, 2007); *see also Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (holding that defendants "cannot be subject to § 1983 liability simply because they denied [the plaintiff's] administrative grievances or failed to act based upon information contained in his grievances"). Consequently, Plaintiff fails to state a claim upon which relief may be granted for "Grievance Gaming."

### b. Inadequate Library

Plaintiff alleges that he was transferred on May 4, 2018, to LLCC from RCC, "in part, to deny him the ability to conduct legal reasearch using LexisNexis." [R. 1, p. 23]. He asserts that at LLCC, he "has to pay to have an inmate conduct LexisNexis research as inmates, other than legal aides, are prohibited from directly conducting LexisNexis research," but "[n]o other prison

allows inmates to charge other inmates to access LexisNexis. All other prisons in KY allow inmates to directly conduct LexisNexis research which comports to CPP 14.4." [*Id.*].

Here, too, Plaintiff fails to allege any actual injury to any past or pending litigation due to the alleged inadequate law library/inability to conduct his own Lexis/Nexis research at LLCC and therefore fails to state a denial-of-access-to-courts claim.

### 5. Civil Conspiracy

To prevail on a claim of civil conspiracy in violation of § 1983, Plaintiff must show that there is "'an agreement between two or more persons to injure another by unlawful action.'" *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). Specifically, Plaintiff must show "'that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive [P]laintiff[] of [his] constitutional rights, and (3) an overt act was committed' in furtherance of the conspiracy that caused the injury." *Id*. (quoting *Revis*, 489 F.3d at 290). Conclusory allegations of a conspiracy do not give rise to a claim. *See, e.g.*, *Sango v. Place*, No. 16-2095, 2016 WL 9413659, at *2 (6th Cir. Dec. 21, 2016); *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011).

In this case, Plaintiff alleges that "Defendants share a general conspiratorial objective to impede [him] from educating himself and to keep him ignorant of his rights as an incarcerated inmate, and to prevent him from sucessfully prosecuting this lawsuit, in order to impede his access to the Court." [R. 1, pp. 33-34]. Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Lawrence v. Thompson*, No. 3:14-CV-P919-DJH, 2015 WL 3935837, at *9 (W.D. Ky. June 26, 2015) (quoting *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005)). Because

Plaintiff's allegations are simply conclusory allegations of a conspiracy, they do not survive initial review.

### 6. Remaining KDOC and LLCC Defendants

While the Court has a duty to construe *pro se* complaints liberally, a plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing a defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). With respect to the claims regarding his detention at LLCC, Plaintiff states no facts involving KDOC Defendants Grate, Potter-Blair, Sims, Short, Kays, Kleymeyer, Erwin, or Ballard or LLCC Defendants Coyne, Stacks, or Ferguson, and therefore fails to state a claim upon which relief may be granted against them. Moreover, to the extent Plaintiff seeks to hold any of the Defendants responsible based on their supervisory positions, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691.

### IV. ORDER

On initial review of the complaint pursuant to 28 U.S.C. § 1915A, and for the foregoing reasons, **IT IS ORDERED as follows**:

(1) **The following claims shall continue:** Plaintiff's First Amendment free speech and related Fourteenth Amendment due process claims to proceed against Defendants Jordan and

Forgy in their individual capacities for damages. In allowing these claims to continue, the Court passes no judgment on the merit or ultimate outcome of these claims.

(2) All remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

(3) Plaintiff having failed to state a claim against them, the Clerk of Court is **DIRECTED to terminate the following Defendants** from this action: Grate, Potter-Blair, Sims, Short, Kays, Kleymeyer, Erwin, Ballard, Robey, Veech, Barker, Ribbenboim/Ribenboim, Chisholm, St. Clair, Geisler, French, Coyne, Stacks, Ferguson, Moon, and Buck.

(4) **Within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name, in their individual capacities, the specific "mailroom staff" that he claims censored the publications/mail at LLCC. The Clerk of Court is **DIRECTED to send** to Plaintiff a copy of the prisoner § 1983 form with this case number and "AMENDED" affixed thereto and four blank summons forms. Once that 30-day period has expired, the Court will conduct an initial review of the amended complaint, if one is filed, and enter an order governing service and setting deadlines for the development of the remaining claims.

This the 23rd day of February, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A958.005